S. A. STEWART v. J. A. TAYLOR, Adm'r.

ADMINISTRATION. *Clerk's fees. Exemption.* The uncollected fees of a deceased clerk go to the administrator, to be by him administered, and not to his widow.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

T. B. EDGINGTON for complainant.

TAYLOR & CARROLL and MALONE & WATSON for defendant.

FREEMAN, J., delivered the opinion of the court.

This is an agreed case presenting the following state of facts:

Stewart had been clerk and master of the Second Chancery Court of Memphis, before said court was abolished in 1875. As such clerk and master, he had certain fees due him, and which have been, or are in process of collection, by the clerk and master of the Chancery Court of Shelby county. Stewart died, and Taylor is his administrator.

The question presented, whether the widow is entitled to all sums due her late husband, as exempted property, and the administrator excluded from their receipt as assets of the estate.

Stewart *v*. Taylor.

While it has been held, on grounds of public policy, as well as for other reasons, that the salary of an officer, as well as fees accruing to an officer, were not subject to attachment, or process of garnishment, at the hands of his creditors, and the rule uniformly adhered to since the case of *Bank of Tennessee* v. *Dibrell*, 3 Sneed, 377, it has never been held that these fees or a salary came within the language or spirit of our law exempting certain specific articles from execution. These articles so exempted are deemed necessaries for support and maintenance of the family of the citizen, and are exempted in view of a sound public policy. The articles so exempted are specifically enumerated in section of the Code 2107 *a*, and subsequent sections, but no exemption of fees of office is found in their provisions. In fact, no such exemption in the nature of the thing, would likely be found in such statutes, as they are not property, or liable as such to execution or attachment.

The property exempt from execution by sec. 2288, is exempt in the hands of the widow, but the property meant is that specified in the exemption provisions of the Code, and has no relation whatever to such monies as may be due the intestate, whether as fees or salary of office, as are in contest here.

These monies go to the administrator as other assets to be by him administered, and stand as other monies or debts due the deceased, with no exemption from administration or liability to appropriation for debts due any more than other debts due the intestate.

The court below so held, and we affirm the judgment.